WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latisha Anderson,<br><br>  Plaintiff,<br><br>v.<br><br>Arizona PRN LLC, et al.,<br><br>  Defendants. | No. CV-14-02240-PHX-ESW<br><br>**ORDER** |

Pending before the Court are (i) Defendant's "Motion to Compel Medical Examination and Functional Skills Assessment by Defendant's Expert" (Doc. 74) and (ii) Plaintiff's Request for Protective Order (Doc. 75). Oral argument has been requested. After reviewing the parties' briefing (Docs. 74, 75, and 78), oral argument is deemed unnecessary for consideration of the issues pending before the Court. The request for oral argument is denied.

## I. BACKGROUND

Plaintiff has filed a First Amended Complaint alleging (i) discrimination pursuant to 42 U.S.C.§ 12101 et seq., (ii) discrimination pursuant to ARIZ. REV. STAT. § 41-1463 et seq,, (iii) breach of fiduciary duty, and (iv) negligence. (Doc. 24). Defendants have answered. (Docs. 26, 27). The Court dismissed Defendant Arizona PRN, LLC with prejudice from the action. (Doc. 61). All issues are joined. The Court has jurisdiction

pursuant to 28 U.S.C.§§ 1331, 1343, 2201, 2202, and 1367. The parties have consented to the exercise of Magistrate Judge jurisdiction. (Doc. 22).

Plaintiff is a registered nurse, confined to a wheelchair due to a physical disability. She is a resident of North Carolina. Plaintiff alleges that she was offered and accepted a thirteen week temporary nursing position with Haven Senior Horizons of Phoenix, Arizona. Plaintiff claims that Defendant wrongfully terminated her on the basis of her disability. Defendant alleges that Plaintiff is not capable of performing the essential duties of the Behavioral Health Technician job for which she applied, either with or without reasonable accommodations. Defendant asserts that Plaintiff is not a qualified individual under the Americans with Disability Act ("ADA") or the Arizonans with Disabilities Act ("AzDA") and her claims are without merit.

On February 20, 2015, the parties filed a Joint Rule 26(f) Case Management Report pursuant to Rules 16 and 26, Fed. R. Civ. P. The Court thereafter issued its Scheduling Order. (Doc.31). By stipulation of the parties or motion, the Court has extended discovery deadlines five times. (Docs. 36, 42, 57, 70, 72). The discovery deadline in this case is April 5, 2016. (Doc. 70 at 1). By Joint Stipulation to Extend Rule 16 Deadlines (Doc. 69) filed on Nov. 23, 2015, the parties stated that they had "agreed that Plaintiff's independent medical examination will be conducted within a day or two after mediation concludes. The parties have so agreed in order to minimize the burdens and expenses of travel for Plaintiff in recognition of her condition." On the basis of the parties' avowals, the Court granted an extension of the scheduling deadlines. Plaintiff now asserts that she has a new job in North Carolina, has health issues, and wants her independent medical examination ("IME") to be conducted in North Carolina, presumably at the expense of Defendant. Plaintiff also requests that mediation be conducted telephonically. Defendant seeks an order compelling Plaintiff to return to Arizona for her IME as previously stipulated.

## II. LEGAL STANDARDS

### A. IMEs

Rule 35(a)(1), Fed. R. Civ. P., authorizes the court where an action is pending to order a party whose physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35 is permissive, not mandatory. *See Mendoza v. Peoria*, No. CV-13-258-PHX-NVW, 2013 WL 5705365, at *2 (D. Ariz. Oct. 21, 2013). Absent agreement of the parties, a party seeking an order pursuant to Rule 35 must file a motion showing "good cause" before an IME may be authorized with "notice to all parties and the person to be examined[.]" Fed. R. Civ. P. 35(a)(2)(A). An IME order "must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). The burden of proof is on the moving party to show that a person's medical condition is in controversy and good cause exists for a physical examination. *See Nava v. City of Shafter*, No. 1:12–cv–00010–AWI–JLT, 2013 WL 5278890, at *1–2 (E.D. Cal. Sept. 18, 2013) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)). "A plaintiff's physical condition is 'in controversy' when the condition is a subject of the litigation." *Id.* (citing *Haqq v. Stanford Hospital & Clinics*, No. C 06-05444 JW (RS), 2007 WL 1593224, at *1 (N.D. Cal. June 1, 2007)) (citation omitted). "Good cause" generally requires a showing of specific facts justifying the exam. *Id.* Even if the moving party establishes both a physical condition in controversy and good cause, it is within the discretion of the court whether to order an IME. *Storlie v. State Farm Mut. Auto. Ins. Co.*, No. 2:09–cv–02205–GMN–PAL, 2010 WL 3488982, at *4 (D. Nev. Aug 31, 2010) (citing *Hardy v. Riser*, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970)) ("Even when the 'good cause' and 'in controversy' requirements are met, it is still in the sound discretion of the trial court whether to order the examination"); *Shirsat v. Mutual Pharm. Co.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996)).

### B. Protective Orders

Rule 26(c), Fed. R. Civ. P., provides that any person from whom discovery is

sought may seek a protective order in the court where the action is pending. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c)(1). The moving party bears the burden of showing a particularized need for protection. *See Fausto v. Crediqy Services Corp.*, 251 F.R.D. 436, 437-38 (N.D. Cal. 2008). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F. 2d 470, 476 (9th Cir. 1992) (citation and internal quotation marks omitted).

## III. DISCUSSION

There is no dispute that Defendant is entitled to a Rule 35(a), Fed. R. Civ. P., physical examination and functional assessment of Plaintiff. Plaintiff has placed her physical condition and ability to perform the essential functions of a job at issue, and Plaintiff is a T-1 paraplegic who is confined to a wheelchair. This is a case for damages under the ADA and AzDA. Good cause exists for an IME to be performed pursuant to Rule 35 (a), Fed. R. Civ. P. *See Mendoza,* 2013 WL 5705365, at *2 (finding good cause exists for independent medical exam when plaintiff places his medical condition at issue). Plaintiff clearly has been on notice regarding the necessity of this examination since Nov. 23, 2015. She previously agreed to the examination and is bound by her stipulation. Defendant need only provide the time, place, manner, conditions, and scope of the examination for the Court to issue its order. The Court in its sound discretion will order an IME.

In addition, it is the general rule that the party being examined must pay her own travel expenses to the examination in the forum state. *See McCloskey v. United Parcel Service General Services Co.*, 171 F.R.D. 268, 270 (D. Or. 1997). Plaintiff has not proven that undue financial hardship exists to support Defendant "fronting" Plaintiff's travel expenses, subject to reimbursement at the time of trial. *See id*. No authority has been cited, nor does authority exist, to support Plaintiff's suggestion that Defendant's

chosen physician should be ordered to travel to North Carolina at Defendant's expense to accomplish the IME.

The Court further finds that Plaintiff has failed to meet her burden of proof for the issuance of a protective order pursuant to Rule 26(c), Fed. R. Civ. P.  Plaintiff asserts that she is within a ninety day probationary period with her new employer and cannot miss any work without jeopardizing her position.  Yet Plaintiff does not provide her date of hire for her job.  Plaintiff further suggests that air travel is medically ill-advised. Nevertheless, Plaintiff fails to tell the Court why or attach any supporting medical documentation proving that air travel is medically contraindicated.  Plaintiff flew to Arizona for an interview with Defendant, as alleged in her First Amended Complaint. She flew to North Carolina for her current job.  The Court has no basis upon which to conclude that Plaintiff cannot fly to Arizona for an IME and settlement conference.

### IV.  CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** granting Defendant's Motion to Compel Medical Examination and Functional Skills Assessment by Defendant's Expert (Doc. 74).

**IT IS FURTHER ORDERED** denying Plaintiff's Request for Protective Order (Doc. 75).

**IT IS FURTHER ORDERED** that Defendant provide the Court with a form of the order setting forth all the information required pursuant to Rule 35(a), Fed. R. Civ. P. Plaintiff shall travel to Arizona for an IME and settlement conference within sixty (60) days of the filing of this order at a date and time available for counsel, the settlement judge, and Defendant's expert.  Defendant's expert report deadline is hereby extended to accommodate the scheduling of the IME.  Defendant's expert report shall be exchanged within thirty (30) days of the IME.  Plaintiff's rebuttal report shall be exchanged within thirty (30) days of receipt of the IME report.

**IT IS FURTHER ORDERED** affirming the March 14, 2016 deadline for

engaging in good faith settlement talks. (Doc. 70). Any requests for a settlement conference before a Magistrate Judge shall be filed by **February 11, 2016**.

Dated this 4th day of February, 2016.

*Eileen S. Willett*
United States Magistrate Judge